**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL,<br>                    Petitioner, | DOCKET NUMBER<br>CB-1216-15-0002-T-1 |
|                v. | |
| JAMES MURRY,<br>               Respondent. | DATE: November 3, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carolyn S. Martorana, Esquire, Washington, D.C., for the petitioner.

James Murry, Pine Bluff, Arkansas, pro se.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The respondent has filed a petition for review of the initial decision, which found that he violated the Hatch Act and ordered his removal from Federal service.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative law judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The respondent is a Federal employee with the U.S. Army Corps of Engineers. Complaint File (CF), Tab 17 at 4. The Office of Special Counsel (OSC) filed a Complaint for Disciplinary Action (Violation of the Hatch Act) against the respondent, charging him with: (1) being a candidate for partisan political office in violation of 5 U.S.C. § 7323(a)(3) and 5 C.F.R. § 734.304; and (2) knowingly soliciting, accepting, and/or receiving political contributions in violation of 5 U.S.C. § 7323(a)(2) and 5 C.F.R. § 734.303. CF, Tab 1. The respondent did not dispute the factual allegations set forth in the complaint. CF, Tab 4. He instead argued, inter alia, that the Hatch Act unconstitutionally restricts his participation in the electoral process and should not apply to campaigns outside of the Federal Government. *Id.* OSC filed a motion for summary adjudication, citing the respondent's admission to all of the material facts set forth in the complaint. CF, Tab 15. The administrative law judge granted OSC's motion in part, finding that no genuine issues of material fact concerning the respondent's Hatch Act violations existed but that the respondent

was entitled to a hearing regarding the penalty determination.[2] CF, Tab 24 at 13-21.

¶3 After holding the hearing, the administrative law judge issued an initial decision finding that removal was the appropriate penalty for the proven violations. CF, Tab 30, Initial Decision (ID) at 12-29.[3] The respondent has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. He asserts that: (1) the administrative law judge did not fully address his argument that the Hatch Act unconstitutionally infringes on his right to participate in the electoral process as a candidate; (2) the Hatch Act Modernization Act of 2012 (Modernization Act) denies him due process and equal protection because some Government employees are permitted to run as candidates for partisan office while others are not;[4] (3) the Hatch Act should not apply to a Government worker of his status because he is not a supervisor or an executive; and (4) state and local

---

[2] Subsequently, the respondent filed an untimely reply to OSC's motion in which he asserted, inter alia, that he was a laborer and thus had no decision-making capacity, his actions should not be considered willful or deliberate because he is being penalized for exercising a fundamental right to fully participate in the electoral process, and he had a good work record. CF, Tab 26 at 2-3. In the initial decision, the administrative law judge stated that he informed the respondent at the hearing that he considered this motion, at least for mitigation purposes. CF, Tab 30, Initial Decision at 6.

[3] During the hearing, the respondent moved to dismiss the complaint, asserting that OSC had not presented sufficient evidence to show he had knowledge or sufficient training regarding the Hatch Act prior to initiating his fundraiser and campaign for sheriff. *See* ID at 6. The administrative law judge denied the respondent's motion. *Id*. We agree with this denial because the record shows that the respondent was provided specific notice of the prohibitions of the Hatch Act beginning in February 2014, and provided numerous opportunities to mitigate his violations of the Hatch Act by ceasing the campaign efforts that he had begun, but he did not cease his efforts. *See Special Counsel v. Lewis*, 121 M.S.P.R. 109, ¶ 28, *aff'd*, 594 F. App'x 974 (Fed. Cir. 2014) (considering whether the respondent had changed his conduct once notified that his conduct violated the Hatch Act); *see also* CF, Tab 15, Exhibit P-16, ¶¶ 15-17, Exhibit P-17, ¶¶ 15-17.

[4] The Modernization Act, Pub. L. No. 112-230, 126 Stat. 1616, 1616-18 (2012), scaled back the provision of the Hatch Act forbidding certain state and local employees from seeking elective office and clarified the application of certain provisions to the District of Columbia.

laws do not prohibit him from being a candidate in primary or general elections. *Id*. at 2. OSC has responded in opposition to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    First, we reject the respondent's assertions that the Hatch Act unconstitutionally infringes on his right to participate in the electoral process and violates his equal protection and due process rights. PFR File, Tab 1 at 2. Specifically, we need not consider the respondent's assertions regarding equal protection and due process because he did not raise them below and he has not shown why, despite his due diligence, he could not have raised those arguments before the close of the record. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.114(b). Moreover, the Board does not have the authority to decide whether the Hatch Act is constitutional on its face. *Special Counsel v. Jackson*, 119 M.S.P.R. 175, ¶ 10 (2013). We nevertheless note that the U.S. Supreme Court consistently has upheld the constitutionality of the Hatch Act. *See, e.g.*, *United States Civil Service Commission v. National Association of Letter Carriers*, 413 U.S. 548, 568-81 (1973). Although the Board does have the authority to consider whether the Hatch Act was constitutionally applied, *Jackson*, 119 M.S.P.R. 175, ¶ 10, the respondent has not presented arguments regarding how his constitutional rights were violated through specific application of the Hatch Act, *see* PFR File, Tab 1 at 2. To the extent that he asserts that he was treated differently than other similarly situated employees, the respondent has not identified how the Hatch Act was applied differently to him.

¶5    Next, we reject the respondent's argument that the Hatch Act should not apply to him because of his job level and type of employment. PFR File, Tab 1 at 2. The U.S. Supreme Court long ago rejected this challenge, and instead found that it was within the power of Congress to determine any differences between

employees of different job levels and what weight to attach to these differences in regulating the employees' political activities.[5] *United Public Workers of America v. Mitchell*, 330 U.S. 75, 102 (1947).

¶6 Finally, the respondent's assertion that state and local laws do not prohibit his candidacy does not affect our decision. PFR File, Tab 1 at 2. Even if the respondent's characterization of these laws is correct, the enforcement power of the Board under the Hatch Act preempts any such local laws. *Special Counsel v. Campbell*, 58 M.S.P.R. 170, 180 (1993), *aff'd*, 27 F.3d 1560 (Fed. Cir. 1994).

¶7 The respondent does not otherwise challenge the administrative law judge's determination that he violated the Hatch Act or that removal was the appropriate penalty. PFR File, Tab 1 at 2. Accordingly, applying the administrative law judge's factual findings to our independent consideration of the appropriate penalty for the respondent's Hatch Act violations, we order the respondent's employing agency to remove him from Federal service under 5 U.S.C. § 7326. *See Special Counsel v. Lewis*, 121 M.S.P.R. 109, ¶¶ 30-31, *aff'd*, 594 F. App'x 974 (Fed. Cir. 2014).

## ORDER

¶8 The Board ORDERS the U.S. Army Corps of Engineers to REMOVE the respondent from his position of employment. The Board also ORDERS OSC to notify the Board within 30 days of the date of this Final Order whether the respondent has been removed as ordered. This is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113(b).

---

[5] To the extent that the respondent is attempting to challenge the penalty on the basis of his job level and type of employment, the administrative law judge considered those factors in determining the penalty, but found that they were outweighed by the open and continuous public nature of the respondent's Hatch Act violations despite OSC's repeated warnings. ID at 18-19. Based upon our own review, we agree with the administrative law judge in this respect.

## NOTICE TO THE RESPONDENT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.